**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALFREDO LEWIS,
    *Plaintiff,*

  - against -        **04 Civ. 3784 (AKH)**

ROBERT T. JOHNSON, in his individual
professional capacity,
    *Defendant*.

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

  Plaintiff Alfredo Lewis was an inmate at the Wyoming Correctional Facility in Attica, New York. On May 19, 2004, he filed a claim in United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 1983. Lewis alleges that five prosecutors violated his constitutional rights due to the manner in which he was prosecuted by the Office of the District Attorney of Bronx County. His suit explicitly names Robert Johnson, District Attorney, and four additional unnamed Assistant District Attorneys. Defendant has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that District Attorney Johnson is entitled to absolute immunity and prosecutorial immunity from liability.

  Lewis states that on November 28, 2002, he was arrested for assault on a corrections officer and brought before a judge in Bronx Criminal Court for arraignment. He alleges that he was held in Bronx Criminal Court detention for 10 months, during which time prosecutors allegedly did not present evidence pertaining to the charge to a grand jury. At the conclusion of the 10 month period, prosecutors dismissed the assault charge. On the basis of these facts, Lewis alleges that he was falsely accused and maliciously prosecuted.

## I. Constitutional Right to a Speedy Trial

The Sixth Amendment provides a constitutional right to a speedy trial which attaches at arrest. See United States v. Marion, 404 U.S. 307, 320 (1971). Both the New York Criminal Procedure Law and the Federal Rules of Criminal Procedure prohibit lengthy delay between arraignment and the presentation of charges to the Grand Jury. See NY CPL § 180.80 (preliminary hearing must occur within 144 hours of arraignment); NY CPL § 190.80 (on defendant's motion, defendant shall be released on his own recognizance if grand jury does not take action within 45 days of initial confinement); Fed. R. Crim. Proc. 48(b) ("The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury;").

However, a 42 U.S.C. § 1983 claim addresses constitutional violations only. Thus, I must decide whether the plaintiff has been deprived of constitutional rights under color of state law and not whether the state or its prosecutors properly applied relevant rules of criminal procedure. The only remedy for violation of the right to a speedy trial is dismissal of the charges. See Strunk v. United States, 412 U.S. 434 (1973); United States v. Furey, 514 F.2d 1098, 1103 (2d Cir., 1975), citing Strunk, 412 U.S. at 439. Here, the charges have already been dismissed, and Plaintiff seeks money damages under 42 U.S.C. § 1983.

The Supreme Court has ruled that incarcerated defendants have the same right to a speedy trial as do other citizens. See Smith v. Hooey, 393 U.S. 374 (1969). The Court has steadfastly refused, however, to assign a per se limit to how long the state may hold an accused before presentation to a grand jury. Instead, the Court identified four factors that courts should

assess in determining whether a defendant has been deprived of his right to a speedy trial: 1) length of delay; 2) reason for the delay; 3) defendant's assertion of his right; 4) prejudice to the defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972). Thus in determining whether Lewis has been deprived of a constitutional right, I would seek to ascertain why his detention lasted 10 months; whether Lewis demanded a speedy trial; and what prejudice, if any, he suffered as a result of the delay. However, even if Plaintiff could prove that the government violated his constitutional right to a speedy trial, he could not recover money damages from the Office of the District Attorney or the attorneys in that office individually.

## II. The Assistant District Attorney is Entitled to Absolute Immunity for Acts or Omissions that are Intimately Associated with the Judicial Phase of the Criminal Process

The doctrines of prosecutorial immunity and Eleventh Amendment immunity protect individuals holding the office of District Attorney or Assistant District Attorney from civil liability for acts that occur within the scope of their professional duty. See Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). At the heart of the prosecutorial immunity doctrine is the notion that the prosecutor may not be liable for the prosecution itself. Thus the plaintiff cannot sue for having to stand trial, for pre-trial detention, or for his conviction, even when it is subsequently reversed. See, e.g., Imbler, 424 U.S. at 409. In Imbler, the Court weighed the public policy rationales supporting § 1983 and common-law prosecutorial immunity. The Court held that the Reconstruction Congress had not intended to eliminate the doctrine of prosecutorial immunity when it enacted § 1983. Imbler, 424 U.S. at 417-18 (citing Tenney v. Brandhove, 341 U.S. 367 (1951)). Therefore, "[section] 1983 is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them." Id. at 418.

There are two types of prosecutorial immunity: absolute immunity and qualified immunity. The Assistant District Attorney has absolute immunity for acts within the scope of duty in initiating and pursuing a prosecution. See Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir. 1990) (quoting Imbler, 424 U.S. at 410). The Court distinguished between "activities that are intimately associated with the judicial phase of the criminal process" and "investigative activities." Id. When a prosecutor is engaged in administrative or investigative activities, he is entitled only to qualified immunity, which requires a showing that his acts were objectively reasonable. Id. (citing Robison v. Via, 821 F.2d 913, 918 (2d Cir. 1987).

Plaintiff Lewis alleges that the prosecutors' acts or omissions deprived him of his constitutional right to a speedy trial. Specifically, Lewis alleges that prosecutors brought him before a trial judge for arraignment on assault charges, but then intentionally delayed presentation of evidence of the assault to the grand jury. The decision to initiate a prosecution is clearly an act of the Assistant District Attorney for which the attorney is entitled to absolute immunity. See, e.g., Barr v. Abrams, 810 F.2d 358, 362 (2d Cir. 1987) ("state prosecutors are immune from suit based on their actions in filing the criminal information"). The decision to delay presentation of evidence to a grand jury is also an act for which the Assistant District Attorney cannot be held liable for money damages. Convening a grand jury to hear evidence is part of the prosecutor's traditional function, as opposed to an investigative or administrative act.

The Second Circuit has recognized that courts "are left with the difficult chore of drawing a line separating amorphous and vague notions of 'investigating' and 'prosecutorial' conduct. Lee v. Willins, 617 F.2d 320, 322 (2d Cir. 1980). Investigation and prosecution are "necessarily interrelated to some degree." Id. Prosecutors are not absolutely immune for acts they commit in

the course of an investigation; therefore, the prosecutor that directs an illegal search of a suspect's home cannot raise the defense of absolute immunity. Id.

Lewis's pre-trial was simply part of a course of prosecution that was subsequently dismissed when the Assistant District Attorney re-evaluated the evidence against him. The plaintiff argues that his detention at the Bronx Criminal Court was an unreasonable administrative decision by prosecutors. To overcome the doctrine of prosecutorial immunity, the plaintiff must focus his arguments on why the delay between his arraignment and the subsequent indictment was caused by acts committed by the Assistant District Attorneys that were not associated with the judicial phase of the criminal process, and the plaintiff does not make such fine distinctions.

**Conclusion**

I hold that the District Attorney is entitled to absolute immunity for his prosecutorial acts. Therefore, the complaint is dismissed. The Clerk shall mark this case as closed.

SO ORDERED.

Dated: New York, New York
September 1, 2005

Alvin K. Hellerstein
United States District Judge

5